**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **TESSA WILSON** | : | |
| 7097 Dewfall Dr. | : | |
| Reynoldsburg, Ohio 43068 | : | |
| | : | |
| Plaintiff, | : | CASE NO.  2:20-cv-1995 |
| | : | |
| v. | : | JUDGE |
| | : | |
| | : | MAGISTRATE JUDGE |
| **OHIO LIVING** | : | |
| 1001 Kingsmill Pkwy. | : | **Jury Demand Endorsed Herein** |
| Columbus, Ohio 43229 | : | |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

NOW COMES Plaintiff Tessa Wilson ("Plaintiff") and proffers this Complaint for damages against Defendant Ohio Living. ("Defendant").

## THE PARTIES

1.      Plaintiff is a natural person residing in Fairfield County, Ohio.

2.      Defendant Ohio Living is an Ohio not-for-profit corporation registered to do business in the Southern District of Ohio.

3.      At all relevant times, Plaintiff was an employee as that term is defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq*. ("ADA") and by O.R.C. Chapter 4112.

4.      Defendant is an "employer" as defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq*. ("ADA") and by O.R.C. Chapter 4112.

1

## JURISDICTION AND VENUE

5.     All counts contained herein are brought pursuant to the laws of the United States, therefore this Court has jurisdiction pursuant to 28 U.S.C. §1331.

6.     This action is brought pursuant to the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq*. ("ADA"), the Ohio Laws of Discrimination, R.C. Chapter 4112 ("Chapter 4112"), and 28 U.S.C. §1331.  This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

7.     Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant has a facility in Columbus, Ohio, at which the events in question took place.

8.      Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of her Right to Sue letter from the Equal Employment Opportunity Commission, a copy of which is attached hereto as "Exhibit A".

## FACTUAL BACKGROUND

9.     Plaintiff was hired by Defendant on or about June 17, 2019 as Corporate Manager of Creative Projects. Plaintiff's job duties included, but were not limited to, managing projects for a team of six, managing shipping and logistics, and vendor project management.

10.     Plaintiff was hired into a provisional period required of all Ohio Living employees. Plaintiff's provisional period ended on or about December 17, 2019.

11.     In or around July 2018, Plaintiff was diagnosed with fibromyalgia, a disability under the ADA and RC 4112.

12.     Defendant was aware of Plaintiff's disability because she disclosed it verbally on multiple occasions.

2

13.     Plaintiff was diagnosed with another disability during her employment with Defendant.

14.     On or about November 11, 2019, Plaintiff was diagnosed with psoriatic arthritis.

15.     After one week of using a cane for mobility purposes, Plaintiff visited her primary care physician on or about November 13, 2019.

16.     When Plaintiff returned to work, she notified Defendant that she had a note from her physician requesting to work from home while she recovered from symptoms of her newly diagnosed disability.

17.     Plaintiff requested to work from home from November 14-17, 2019.  Two of those dates fell on the weekend, and Plaintiff was not scheduled to work on weekends anyway.

18.     Plaintiff initially presented her request to Alisa Miller, Corporate Executive of Creative Projects. Ms. Miller then consulted with Mica Rees, Chief Officer of the marketing department known as Brand & Growth, and Jennifer Howell in Human Resources.

19.     In response, Defendant gave Plaintiff an ultimatum.

20.     Plaintiff could either use vacation time, call in sick, or take a two week leave of absence.

21.     Plaintiff did not request two weeks off, nor did she medically need it.  The latter two options would have subjected Plaintiff to immediate termination for any additional call-offs for the rest of the year.

22.     Plaintiff clearly did not need a two week leave of absence, as she requested to work from home, and therefore had the ability to continue working.

23.     Plaintiff was qualified to perform the essential functions of her position with a reasonable accommodation to work from home.

3

24.     Plaintiff ultimately used vacation time to accommodate her disability because Defendant refused to allow her to work from home for two days.

25.     Defendant failed to engage in the interactive process required by the ADA. Defendant has a duty to engage in conversation about whether an accommodation can be granted. If the accommodation cannot be granted, Defendant must tell Plaintiff why her request was an undue burden.

26.     Plaintiff was not present for the conversation between Ms. Miller, Ms. Rees, and Ms. Howell. Plaintiff requested accommodations, and Defendant denied them without providing any explanation as to why it was an undue burden.

27.     Plaintiff returned to work on or about November 18, 2019, and she worked as usual with no absences until December 31, 2019. On that date, Plaintiff experienced an arthritic pain flare and could not get out of bed. As such, she called in sick.

28.     On or about January 1, 2020, Plaintiff contacted her rheumatologist to obtain medication to manage her flare-ups. Plaintiff returned to work on or about January 2, 2020, and Defendant did not mention her sick day the previous day.

29.     Defendant terminated Plaintiff on or about January 3, 2020, one hour before her shift ended. Defendant refused to give Plaintiff a reason for termination, nor did it provide her with any documentation of the termination.

30.     Plaintiff's provisional period ended on December 17, 2019. Per Defendant's attendance policy, non-provisional period employees can accrue up to nine (9) absences before being subject to termination.

31.     Plaintiff's December 31 absence would have been her second occurrence. Per this same policy, no corrective action is necessary until an employee accrues three (3) occurrences.

4

32.     Plaintiff had only called off work twice. She called off once in July of 2019 during her provisional period and once on December 31, 2019, after her provisional period had already ended.

33.     Plaintiff specifically requested an accommodation to work from home from November 14-17, and Defendant refused to accommodate her, completing failing to engage in the interactive process required by the ADA.

34.     Defendant forced Plaintiff to take vacation time because it would not allow her to work from home on November 14 and 15, 2019.

35.     Plaintiff had to call off for her disability on December 31, 2019.

36.     Defendant abruptly terminated Plaintiff days later and refused to give a legitimate, nondiscriminatory reason for its action.

37.     Defendant terminated Plaintiff based on her disability and her requests for a reasonable accommodation.

38.     The proffered reasons for Plaintiff's termination are untrue and pretextual.

## <u>COUNT I</u>
### Disability Discrimination – R.C. §4112.02

39.     At all times material herein, Plaintiff suffered from an impairment within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

40.     At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. §4112.01(A)(13) of the Ohio Revised Code.

41.     Defendant knew Plaintiff was disabled and/or regarded her as disabled.

42.     Defendant was aware of the difficulties suffered by Plaintiff as a result of her disability because she discussed her disability with Defendant, used a cane for mobility purposes

when her disability flared up, requested an accommodation for her disability, and called off work for her disability.

43.     Defendant denied Plaintiff's request for accommodation and refused to allow Plaintiff to work from home for two days between November 14 and November 17, 2019.

44.     Defendant terminated Plaintiff after she called off for her disability again on December 31, 2019.

45.     Defendant discriminated against Plaintiff because of her disability by taking the following non-exhaustive list of actions:   terminating her employment, retaliating against her, delaying her request for reasonable accommodation, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

46.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

47.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

<u>**COUNT II**</u>
**Disability Discrimination – Americans with Disabilities Act**

48.      Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

49.     This claim is brought under federal law, pursuant to 42 U.S.C. § 12101, *et seq.*, and as defined in 42 U.S.C. § 12101.

50.     Plaintiff is an otherwise qualified individual with a disability.

51.     Defendant knew or had reason to know Plaintiff suffered from a disability, and/or regarded her as disabled.

52.     Defendant was aware of the difficulties suffered by Plaintiff as a result of her disability.

53.     Defendant discriminated against Plaintiff because of her disability by taking the following non-exhaustive list of actions:  terminating her employment, retaliating against her, denying her a reasonable accommodation, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

54.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

55.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT III
### Retaliation – R.C. §4112.02

56.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

57.     Plaintiff engaged in a protected activity by requesting reasonable accommodation for her disability.

58.     Defendant knew Plaintiff engaged in a protected activity because Plaintiff requested to work from home while she treated her disability on November 14 and November 15, 2019.

59.     Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions:

terminating her employment, retaliating against her, refusing her reasonable accommodation, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

60.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

61.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT IV
### Retaliation – Americans with Disabilities Act

62.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

63.     Plaintiff engaged in a protected activity by requesting reasonable accommodation for her disability.

64.     Defendant knew Plaintiff engaged in a protected activity.

65.     Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating her employment, retaliating against her, refusing her reasonable accommodation, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

66.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

67.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT V
### Failure to Accommodate – Americans with Disabilities Act

68.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

69.     At all times material herein, Plaintiff was disabled, or regarded as being disabled, as defined in 42 U.S.C. §12102.

70.     Defendant knew or had reason to know that Plaintiff suffered from a disability, and/or regarded her as disabled.

71.     Plaintiff was an otherwise qualified individual with a disability.

72.     Plaintiff requested a reasonable accommodation for her disability when she requested to work from home from November 14-17.

73.     Such reasonable accommodations were possible for Defendant to provide. Plaintiff did not work weekends, so her request to work from home was ultimately for two days.

74.     Defendant violated the ADA by failing to accommodate Plaintiff's disability and by terminating Plaintiff for issues related to her disability.

75.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

76.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees

and costs.

## COUNT VI
### Failure to Accommodate – R.C. §4112.02

77.    Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

78.    At all times herein, Plaintiff suffered from an impairment within the meaning of R.C. §4112.01.

79.    At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. §4112.01

80.    Defendant knew or had reason to know Plaintiff suffered from a disability and/or regarded her as disabled.

81.    Plaintiff requested a reasonable accommodation for her disability when she requested to work from home from November 14-17.

82.    Such reasonable accommodations were possible for Defendant to provide.

83.    Defendant violated R.C. §4112.02 by failing to accommodate Plaintiff's disability, by retaliating against Plaintiff for seeking a reasonable accommodation, and by failing to engage in a good faith interactive process to determine an objectively reasonable accommodation for Plaintiff's disability.

84.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

85.    Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees

and costs.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,


/s/ *Rachel A. Sabo*
Rachel A. Sabo (0089226)
(*Rachel@thefriedmannfirm.com*)
Peter G. Friedmann (0089293)
(*Pete@thefriedmannfirm.com*)
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, OH 43207
614-610-9757 (Phone)
614-737-9812 (Fax)

*Attorneys for Plaintiff*


## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.


/s/ *Rachel A. Sabo*
Rachel A. Sabo (0089226)

11